1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10

DAVID FAWCETT, et al.,                    )  Case No. 5:23-cv-1443-SP
                                          )
11                    Plaintiffs,          )
                                          )
12          v.                            )  ORDER DENYING PLAINTIFFS'
                                          )  MOTION TO REMAND
13                                        )
    FORD MOTOR COMPANY, et                )
14  al.,                                  )
                                          )
15                    Defendants.          )
                                          )
16  _____           )

17

18                                  **I.**

19                          **INTRODUCTION**

20      On August 17, 2023, plaintiffs David Fawcett and Rosa Fawcett filed a motion to
21  remand this case to the Riverside County Superior Court.  Docket no. 12.  Plaintiffs'
22  motion is supported by the declaration of their counsel Allen Amarkarian ("Amarkarian
23  Decl.") and exhibits.  Defendant Ford Motor Company filed its opposition to the motion
24  on August 29, 2023.  Docket no. 13.  Defendant's opposition is supported by the
25  declaration of its counsel Amy Maclear ("8/29 Maclear Decl.") and exhibit.  On
26  September 5, 2023, plaintiffs filed their reply.  Docket no. 15.
27      The matter came before the court for a hearing on September 19, 2023.  After
28  carefully considering the information provided and arguments advanced and the record

before it, the court now denies plaintiffs' motion to remand for the reasons discussed below.

## II.

## BACKGROUND

Plaintiffs filed the instant action in the Riverside County Superior Court on July 21, 2022.  *See* docket no. 1, Ex. A, Compl.  Plaintiffs allege they purchased a vehicle warranted by defendant that was delivered to plaintiffs with serious defects.  Plaintiffs assert three causes of action under California's Song-Beverly Consumer Warranty Act: (1) breach of express warranty; (2) breach of implied warranty; and (3) violation of California Civil Code § 1793.2(b).

One year later, on July 21, 2023, defendant removed the action to this court under 28 U.S.C. § 1441(b) based on diversity jurisdiction.  *See* docket no. 1, Notice of Removal.  The Notice of Removal is supported by a declaration of Amy Maclear ("7/21 Maclear Decl.") and exhibits.

## III.

## DISCUSSION

Any civil action over which the United States district courts have original jurisdiction may be removed to the district court for the district where such action is pending.  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over state law actions in which the amount in controversy ("AIC") exceeds $75,000 and there is complete diversity of citizenship between the parties.  A defendant seeking to remove a case to federal court must file a notice of removal containing a "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiffs do not dispute that there is diversity of citizenship.  But they argue this case should be remanded to the Superior Court because defendant's notice of removal

1  was untimely and because it failed to plausibly allege the AIC exceeded the $75,000

2  jurisdictional threshold.

3  **A.     Defendant's Notice of Removal Was Timely**

4         Section 1446(b) specifies two windows of time within which a defendant may file

5  a notice of removal: (1) within 30 days after receiving an initial pleading that reveals a

6  basis for removal; and (2) within 30 days after receiving "an amended pleading, motion,

7  order or other paper from which it may first be ascertained that the case is one which is or

8  has become removable."  28 U.S.C. § 1446(b); *see also Reyes v. Dollar Tree Stores, Inc.*,

9  781 F.3d 1185, 1189 (9th Cir. 2015) (outlining the two 30-day periods).  Under the Ninth

10 Circuit's "bright-line approach," the first window "comes into play only if removability

11 is ascertainable from 'examination of the four corners of the applicable pleadings, not

12 through subjective knowledge or a duty to make further inquiry.'"  *Carvalho v. Equifax*

13 *Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (quoting *Harris v. Bankers Life and*

14 *Cas. Co.*, 425 F.3d 689, 694, 697 (9th Cir. 2005)).  Though a defendant "need not make

15 extrapolations or engage in guesswork" to ascertain removability, the statute nonetheless

16 "requires a defendant to apply a reasonable amount of intelligence" in making the

17 determination, for example, by "[m]ultiplying figures clearly stated" in the complaint.

18 *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting

19 *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).  If it has not "run

20 afoul" of either 30-day deadline, a defendant may also remove a case "when it discovers,

21 based on its own investigation, that a case is removable."  *Roth v. CHA Hollywood*

22 *Medical Ctr., L.P.*, 720 F.3d 1121, 1123, 1125 (9th Cir. 2013).

23        Here, the parties disagree as to whether removability – specifically, an AIC

24 exceeding $75,000 – was ascertainable from the initial pleadings.  The complaint's face

25 page and cover sheet state the AIC exceeds $25,000 and thus is an unlimited jurisdiction

26 case, but that does not bring the case to the $75,000 threshold.  *See, e.g., Sevilla v. Life*

27 *Care Ctrs. of Am., Inc.*, 2015 WL 7013112, at *2 (C.D. Cal. Nov. 12, 2015) (alleging

28 damages in excess of $25,000 plus punitive damages and fees insufficient to demonstrate

1    AIC exceeds $75,000).  The complaint requests various categories of damages, including
2    restitution of all monies expended pursuant to the purchase contract, plus civil penalties
3    equal to double plaintiffs' actual damages and attorney's fees.  *See* Compl. at 8.  But it
4    does not specify dollar values for any such categories.  Defendants argue removability
5    was not ascertainable from the complaint because it did not specify the monetary
6    damages sought, and defendant had no duty to discover removability through further
7    inquiry.  Opp. at 3-5.
8         Plaintiffs argue removability was nonetheless ascertainable from the information in
9    the complaint, because so long as the value of the subject vehicle equaled more than
10   $25,000, that value plus civil penalties equal to double that value would bring the AIC
11   over $75,000.  Reply at 5.  Plaintiffs further note that the vehicle's model, year, and VIN
12   were specified in the complaint, and argue that defendant had reason to know the
13   vehicle's market value exceeded $25,000 due to its sophistication and knowledge of the
14   motor industry as the manufacturer and distributor of the vehicle.  *Id.*  But the Ninth
15   Circuit, "[p]referring a clear rule, and unwilling to embroil the courts in inquiries into the
16   subjective knowledge of [a] defendant, declined to hold that materials outside the
17   complaint start the thirty-day clock."  *Kuxhausen*, 707 F.3d at 1141 (citing *Harris*, 425
18   F.3d at 695) (cleaned up).  Because no dollar values were included in the complaint here,
19   in order to determine the subject vehicle's value and calculate the AIC, defendant would
20   have had to consult outside materials or engage in guesswork.  As such, removability was
21   not ascertainable from the information within the four corners of the complaint, and
22   defendant was not required to file a notice of removal within 30 days of its service.  *See*
23   *also Kuxhausen*, 707 F.3d at 1139 (explaining that facially indeterminate pleadings do
24   not start the first 30-day clock under § 1446(b)); *Fowler v. Penske Logistics, LLC*, 2018
25   WL 2079987, at *1 (N.D. Cal. May 4, 2018) (denying motion for remand where a
26   complaint offered no numbers and defendant would have needed to review its own
27   records to calculate possible damages); *Moran v. Ford Motor Co.*, 2023 WL 4532755, at
28   *3 (S.D. Cal. July 13, 2023) ("[W]hile Defendant could have made a plausible guess that

1   the amount in controversy in this case exceeded $75,000, Defendant was 'under no

2   obligation to do so.'").

3       Plaintiffs further argue (primarily in reply) that, even if removability was not

4   ascertainable from the complaint, it was at a minimum known by defendant on November

5   1, 2022, when defendant served discovery responses that included the retail installment

6   sales contract showing the total sales price of the vehicle was $51,811.25.  *See* Mtn. at 4;

7   Amarkarian Decl. ¶¶ 9-10; Reply at 6.  The sales price reflected in the contract, coupled

8   with penalties sought in the complaint, form the primary basis for defendant's assertion

9   of the AIC in the notice of removal.  *See* Notice of Removal at 5, Ex. C.  Nonetheless,

10  that defendant had access to the sales price by November 1, 2022 does not mean

11  defendant had only until December 1, 2022 to file a notice of removal.  By the plain

12  language of §1446(b), the 30-day removal windows are triggered only where there has

13  been "receipt by the defendant" of "the initial pleading" or "an amended pleading,

14  motion, order or other paper" from which removability may be ascertained.  28 U.S.C.

15  §§ 1446(b)(1), (2)(3).  Plaintiffs sent no such paper to defendant until July 21, 2023,

16  when they sent a $100,000 demand the same day defendant removed this case.  *See*

17  *Kuxhausen*, 707 F.3d at 1141-42 (demand letter sent after case filed can qualify as "other

18  paper" triggering 30-day period); 8/29 Maclear Decl. ¶ 2, Ex. 1.  By contrast, the sales

19  contract was among defendant's own records, and a 30-day removal window is not

20  triggered when a "defendant would have had to 'review[] its records' in order to calculate

21  potential damages" because "[c]ircuit precedent makes clear that such reviews are not

22  required by the removal statute."  *Fowler v. Penske Logistics, LLC*, 2018 WL 2079987, at

23  *1 (N.D. Cal. May 4, 2018).

24      For these reasons, plaintiffs did not trigger either of the 30-day deadlines for

25  removal set forth by § 1446(b) until July 21, 2023.  Meanwhile, defendant filed its notice

26  of removal on July 21, 2023 after conducting its own investigation into the AIC and

27  determining it exceeded $75,000.  Notice of Removal at 2; 7/21 Maclear Decl. ¶¶ 5, 10-

28  14.  As such, the notice of removal was timely.  *See Roth*, 720 F.3d at 1125 ("[A]

1    defendant [may] remove outside the two thirty-day periods on the basis of its own

2    information, provided that it has not run afoul of either of the thirty-day deadlines.").

3    **B.        Defendant Has Satisfied the Amount in Controversy Requirement**

4            Under 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over state

5    law actions in which the AIC exceeds $75,000 and there is complete diversity of

6    citizenship between the parties.  "[W]hen a defendant's assertion of the amount in

7    controversy is challenged . . . both sides submit proof and the court decides, by a

8    preponderance of the evidence, whether the amount-in-controversy requirement has been

9    satisfied."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88, 135 S.

10   Ct. 547, 190 L. Ed. 2d 495 (2014).  But although both sides "may submit evidence

11   supporting the amount in controversy," it is the defendant that has "the burden of

12   supporting its 'jurisdictional allegations with competent proof.'"  *Harris v. KM Indus.,*

13   *Inc.*, 980 F.3d 694, 699, 701 (9th Cir. 2020) (citation omitted).  The plaintiff "need only

14   challenge the truth of the defendant's jurisdictional allegations by making a reasoned

15   argument as to why any assumptions on which they are based are not supported by

16   evidence."  *Id.* at 700 (citations omitted); *accord Waltz v. Wal-Mart Assocs., Inc.*, 2022

17   WL 489697, at *2 (C.D. Cal. Feb. 17, 2022) (the plaintiff "bears no burden, here, to

18   introduce any evidence").

19           When determining the AIC, the court must assume a jury will return a verdict for

20   plaintiff on each claim included in the complaint.  *Kenneth Rothschild Trust v. Morgan*

21   *Stanley Dean Writer*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002).  "The ultimate inquiry is

22   what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant

23   will *actually* owe."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d. 1199, 1205 (E.D.

24   Cal. 2008).  To determine whether the removing party has met its burden, a court may

25   consider the content of the notice of removal as well as any "'summary-judgment-type

26   evidence relevant to the amount in controversy at the time of removal,' such as affidavits

27   or declarations."  *Korn*, 536 F. Supp. 2d. at 1205 (quoting *Valdez v. Allstate Ins. Co.*, 372

28   F.3d 1115, 1117 (9th Cir. 2004).  "A court may also consider supplemental evidence later

1  proffered by the removing defendant, which was not originally included in the removal

2  notice." *Korn*, 536 F. Supp. 2d. at 1205; *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837,

3  840 n.1 (9th Cir. 2022) ("The district court did not err in construing Petsmart's opposition

4  as an amendment to its notice of removal." (citing *Willingham v. Morgan*, 395 U.S. 402,

5  407 n.3, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969))).  Further, "a court must include future

6  attorneys' fees recoverable by statute or contract when assessing whether the amount-in-

7  controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794

8  (9th Cir. 2018).

9        Here, defendant's notice of removal notes that plaintiffs bought the subject vehicle

10  for a total price of $51,811.25.  Notice of Removal at 5, Ex. C.  It notes that plaintiffs

11  seek civil penalties of up to twice the amount of actual damages, as authorized by the

12  Song-Beverly Act.  *Id.*  It further notes that the Act allows for the recovery of attorney's

13  fees, and estimates that at the time of removal, plaintiffs had already incurred fees

14  reasonably assumed to total at least $10,000.  *Id.* at 6.  Overall, defendant's notice of

15  removal estimates that even considering mileage reductions, plaintiffs could recover at

16  least $35,000 for the subject vehicle.  *Id.* at 7.  Defendant alleges that value plus a

17  conservative estimate of a 1x civil penalty and at least $5000 in attorney's fees satisfies

18  the AIC requirement.  *Id.*  Defendant also submitted supplemental evidence with its

19  opposition, namely, an email from plaintiffs identifying $100,000 as the specific amount

20  sought in the case.  *See* 8/29 Maclear Decl., Ex. 1.

21        Plaintiffs argue defendant failed to establish that the civil penalties plaintiffs

22  requested are more likely than not in controversy.  Reply at 8.  Plaintiffs argue defendant

23  must put forth evidence that a civil penalty is likely to be awarded here.  *Id.*  But as

24  defendant notes, plaintiffs do seek the maximum civil penalty allowed by the statute, and

25  appear from other statements in their motion papers to themselves hold the position that

26  the penalties are in controversy.  *See* Reply at 5 (assuming that a 2x civil penalty would

27  be included in the AIC calculation).  And in any event, defendant's estimations of the

28  values in controversy exceed $75,000 even without including civil penalties: $35,000 for

the value of the vehicle after mileage reductions plus reasonable estimates of attorney's fees, for which plaintiffs' counsel in previous Song-Beverly Act cases have sought more than $50,000.  Opp. at 9-11.  Plaintiffs claim these allegations are speculative, but fail to show that defendant's estimates are unsupported by evidence.  Reply at 7-9.

Finally, plaintiffs fail to address the demand letter they sent on July 21, 2023 in which they explicitly state they seek $100,000 in damages, exclusive of fees and costs. Even if defendant's basis for removal were not otherwise sufficiently established, the demand letter shows the AIC exceeds $75,000.  *See Woolsey v. State Farm Gen. Ins. Co.*, 2023 WL 3480870, *4 (C.D. Cal. May 11, 2023) (considering plaintiff's demand letter as evidence to determine whether the AIC requirement had been met).  That it was not included as evidence with the Notice of Removal does not matter.  *See Korn*, 536 F. Supp. 2d at 1205.

For these reasons, defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold for removal.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs' motion to remand (docket no. 12) is denied.

DATED: September 21, 2023

_____
SHERI PYM
United States Magistrate Judge